Christopher Garitee, Esq.
Cabanillas & Associates, P.C.
120 Bloomingdale Rd, Suite 400
White Plains, New York 10605
Telephone: (914) 615-6516
Cgaritee@cabanillaslaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NUBRIDGE COMMERCIAL LENDING REO SPV I INC.,, <br><br> Plaintiff, <br><br> vs. <br><br> 51 EAST 126TH STREET, LLC, VANESSA KATE TURNER, THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,, <br><br> Defendant(s). | Index No. 22-CV-00434-VSB <br><br> NOTICE OF APPEARANCE, VERIFIED ANSWER, SET-OFFS AND COUNTERCLAIMS |

**PLEASE TAKE NOTICE** that Defendants, **51 East 126th Street, LLC. and Vanessa Kate Turner** (hereinafter, the "Defendants") hereby appear in this proceeding and that the undersigned has been retained as attorney for Defendants and demands that you serve all papers upon the undersigned at the address stated below.

**PLEASE TAKE FURTHER NOTICE** that Defendants without waiving any defense which may exist and to which they may be entitled, hereby interpose the following answer to the Complaint herein: Defendants deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "20", "21", "22", "23", "24", and "25" ; Defendants deny the allegations contained in paragraphs marked "15", "16", "17", "18","19", and "21" .

### CLARIFICATION OF RESPONSIBLE PARTY

**Nubridge Commercial Lending REO SPV I Inc.** (hereinafter, "Plaintiff"), the Plaintiff in this action, did not originate the disputed mortgage, and alleges authority to bring this action due to alleged assignments. However, Plaintiff fails to state the party from whom the alleged note was assigned. Accordingly, because Plaintiff fails to state who the originating entity is, it has failed to state a claim upon which relief can be given, and this action should be dismissed.

### REQUEST UNDER CPLR § 3408
### FORECLOSURE SETTLEMENT CONFERENCE

As set forth in CPLR § 3408, Defendant homeowners in a foreclosure matter are entitled to foreclosure settlement conferences. Accordingly, the Defendants request that this matter be adjourned and referred to the Foreclosure Settlement Conference Part to schedule a conference. Notwithstanding this request, the Defendants response to the Plaintiff's Complaint is set forth below.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### PLAINTIFF LACKS PERSONAL JURISDICTION

1. The Plaintiff failed to comply with the notice provision requirements pursuant to CPLR § 308(1) and with the ancillary notice provisions of the subject mortgage. As such, personal jurisdiction is lacking.

2. Upon information and belief, the Defendants, 51 East 126th Street, LLC. and Vanessa Kate Turner were not properly served with the Summons and Complaint.

3. Thus, there is a failure to establish jurisdiction over and in this matter or at a minimum, the time restriction for responding to the Verified Complaint should not be deemed to have lapsed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### PLAINTIFF LACKS STANDING

4. The Defendants repeat and reallege the responses set forth in ¶ 1 to 3 above as if set forth in their entirety herein.

5. To maintain a foreclosure action under New York State law, the Plaintiff must own both the mortgage and the note.

6. Because Plaintiff has failed to properly and adequately set forth the means and timing by which the Plaintiff allegedly acquired proper corporative possessive rights in and to the mortgage and note, Plaintiff lacks legal capacity and standing to bring this foreclosure action.

7. The Plaintiff does not have standing and/or cannot claim a cause of action because it was not the owner of the mortgage and promissory note when this action was commenced.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### PLAINTIFF FAILED TO STATE A CAUSE OF ACTION

8. The Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 7 as if set forth in their entirety herein.

9. The Plaintiff failed in its Summons and Complaint to adequately plead the nature of the alleged default.

10. Further, the Defendants should be advised of the material facts and evidence in support of Plaintiff's Complaint in order to be apprised of the material facts and be given the opportunity to fairly respond.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### DEFECTIVE ACCELERATION

11. The Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 10 as if set forth in their entirety herein.

12. The Plaintiff failed to properly accelerate the debt pursuant to the mortgage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### NON COMPLIANCE WITH RPAPL § 1303, 1304 AND 1306 NOTICE

13. The Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 12 as if set forth in their entirety herein.

14. That upon information and belief, the Plaintiff failed to comply with section(s) 1303, 1304 and 1306 of the Real Property Actions and Proceedings Law ("RPAPL"), which requires that the foreclosing party in a mortgage foreclosure action provide notice to the mortgagors in accordance with the provisions of such section with regard to information and assistance about the foreclosure process.

15. Therefore, as Plaintiff has failed to comply with the Notice requirements of RPAPL the action must be dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### VIOLATION OF STATE BANKING LAW

16. The Defendant repeat and reallege the responses set forth in ¶¶ 1 to 15 as if set forth in their entirety herein.

17. Plaintiff's Complaint fails to provide adequate information regarding compliance with RPAPL 1304 and 1306 and the newly imposed NYS Banking Department requirements.

18. Pursuant to the Mortgage Foreclosure Law (Chapter 507 of the laws of 2009) Plaintiff is required under RPAPL § 1304 to send the Defendant a pre-foreclosure notice of at least 90-days prior to commencing foreclosure proceedings.

19. Further, pursuant to RPAPL § 1306 the Plaintiff is required to comply with a three step notice and filing process with the New York State Banking Department.

20. The Plaintiff has failed to adequately plead compliance with this three step process.

21. Therefore, as the Plaintiff is in violation of pertinent State banking laws, this action should be dismissed.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE: NONCOMPLIANCE WITH MORTGAGE TERMS - NOTICE OF DEFAULT A CONDITION PRECEDENT

22. Defendants repeat and reallege all of the responses set forth in ¶¶1 to 21 as if set forth in their entirety herein.

23. As a contractual condition precedent and in order to maintain this action, Plaintiff, pursuant to the terms of the Mortgage, was required to send/serve a notice of default containing certain and specific language and instructions prior to the commencement of this action.

24. Upon information and belief, Plaintiff failed to send a proper notice of default prior to commencement of this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE: PLAINTIFF FAILS TO ADHERE TO FORM OF CPLR 3012-b

25. The Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 24 as if set forth in their entirety herein.

26. Plaintiff fails to adhere to form and requirements of CPLR 3012-b as the necessary information was not provided.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:
### DEFENDANT IS NOT IN DEFAULT

27. The Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 26 as if set forth in their entirety herein.

28. Defendants, contrary to plaintiff's allegations, have made partial or full payments of his/her obligations under the mortgage note, and as such, defendants were not and are not in default of their contractual obligations under the note, and there is no basis for plaintiff to have commenced this action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:
### STATUTE OF LIMITATIONS HAS EXPIRED PLAINTIFF CANNOT COLLECT
### ON THE ALLEGED DEFAULT

29. Defendants repeat and reallege all of the responses set forth in ¶¶1 to 28 as if set forth in their entirety herein.

30. Upon information and belief, at the time the instant action was commenced the statute of limitations had expired and as such Plaintiff is prohibited from proceeding with the instant action.

31. Therefore, the instant action should be dismissed as it was improperly commenced.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### FIRST SET-OFF AND FIRST COUNTERCLAIM; OVERCHARGES

32. The Defendants repeat and reallege all of the responses set forth in ¶¶ 1 to 31 as if set forth in their entirety herein.

33. That upon information and belief, the Plaintiff has overstated and thereby overcharged the alleged monthly mortgage and finance charges.

34. The Defendants are entitled to a set-off of all overstated payments at an amount to be determined at trial.

35. The Plaintiff is liable to the Defendants for all damages, costs and expenses, attorney's fees and penalties provided by State statute(s), rule(s) and regulation(s).

**WHEREFORE**, Defendants demand judgment against the Plaintiff dismissing the complaint herein and for such other, further and additional relief as this Court may seem just and equitable, including punitive damages for the fraudulent deeds of the Plaintiff, together with the costs and disbursements of this action, including but not limited to:

a. Award Defendants all statutory and actual damages;

b. Award Defendants all compensatory damages;

c. Award pre-judgment interest on all accounts;

d. Award court costs and reasonable attorney's fees, as provided by the Note and Mortgage and aforementioned state/federal statutes; and

e. Enjoin Plaintiff during this action and permanently thereafter from instituting, prosecuting or maintaining foreclosure proceedings on Defendant's property

Dated: White Plains, New York
February 3, 2022

To: Margolin & Weinreb Law Group
165 Eileen Way, Suite 101
Syosset, NY 11791

X _____
Christopher C. Garitee, Esq.
Cabanillas & Associates, P.C.
(Rule 130-1.1)
*Attorneys for Defendants*
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
Tel.: (914) 385-0292
Fax: (914) 615-6515
(Not for Service)

# VERIFICATION

STATE OF NEW YORK       )
                        ) SS:
COUNTY OF NEW YORK      )

I Vanessa Turner, being first duly sworn, hereby depose and say:

That I am a defendant in the within action, that I have read the foregoing Verified Answer and know the contents thereof, and that the same is true to my knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

X _____
   Vanessa Turner

Before me this _08th_ day of _February_ 2022 came Vanessa Turner, known to me on the basis of satisfactory proof, and who being duly sworn, affixed his signature hereto.

X _____
   Notary Public

Janibel SanchezTavera
Notary Public - State of New York
No. 01SA6396957
Qualified in Bronx County
My Commission Expires August 26, 2023

Index No. 22-CV-00434-VSB

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NUBRIDGE COMMERCIAL LENDING REO SPV I INC.,,,

Plaintiff(s),

vs.

51 EAST 126TH STREET, LLC, VANESSA KATE TURNER, THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

Defendant(s)

### NOTICE OF APPEARANCE AND VERIFIED ANSWER

**Cabanillas & Associates, P.C.**
Attorneys for Defendant
120 Bloomingdale Road, Suite 400
White Plains, New York 10605
Tel: (914)-385-0292 Fax: (914)-206-4447