UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
NUBRIDGE COMMERCIAL LENDING  :
REO SPC I INC.,  :
 :
                           Plaintiff,  :         22-CV-434 (VSB)
 :
      -against-  :         **ORDER**
 :
51 EAST 126TH STREET, LLC, VANESSA  :
KATE TURNVER, THE CITY OF NEW  :
YORK, NEW YORK CITY  :
ENVIRONMENTAL CONTROL BOARD,  :
 :
                       Defendants.  :
 :
----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Plaintiff has submitted a proposed order (the "Proposed Order") granting a judgment of foreclosure and sale. (Doc. 60.) I have reviewed Plaintiff's papers alongside several decisions authorizing similar sales in this District. *See, e.g.*, *LMREC III Note Holder, Inc. v. Hudson EFT LLC*, No. 720CV05063KMKPED, 2022 WL 4286737 (S.D.N.Y. Sept. 16, 2022); *CIT Bank, N.A. v. Neris*, No. 18-CV-01511, 2022 WL 4181789 (S.D.N.Y. Sept. 13, 2022); *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT v. Morgano*, No. 19-CV-10729, 2020 WL 1989420 (S.D.N.Y. Apr. 27, 2020). Through this review, I have identified items that require clarification or modification before an order is issued:

- In the interest of clarity, requests to dismiss this action as to specific parties or to amend the caption of this action should be made as separate motion. They should not incorporated into a motion for a judgment of foreclosure and sale. (Doc. 60, at 2.)

- The Proposed Order does not indicate if the requested sale should be conducted by a referee that I appoint, or by another party such as the sheriff of the relevant county. (*Id.* 3.) If sale by a referee is appropriate, then Plaintiff should submit a recommendation on a referee for my consideration. If sale by a government official such as a sheriff is

appropriate, any proposed order should identify the specific official.

- The Proposed Order does not indicate which publication notice of sale will be given in pursuant to RPAPL § 231, and whether the selection of this publication should be done by the court or the officer in charge of conducting the sale directed by this order.  (*Id.*)

- The Proposed Order does not state where the officer running the sale shall deposit the sale proceeds.  (*Id.* 4–5).

- The Proposed Order provides that, if the Plaintiff or an affiliate purchases the property, then that property must be resold within a specific time.  (*Id.* 4–5).  This provision is not in similar orders issued by courts in this District, and it is not apparent why it is necessary to retain control and direction over this matter following the initial sale.

- The Proposed Order does not provide for compensation in the event of an adjournment or cancellation of a sale.  (*Id.* 5.)

- The Proposed Order does not specify the attorney's fees sought.  (*Id.* 6.)  If Plaintiff believe the $7,305.00 sum identified at Doc. 62-2, ¶ 10, is the appropriate sum, then that sum should be included in any proposed order.

- In several places, the Proposed Order uses defined terms (*e.g.*, "Terms of Sale", "Referee's Report", "Referee's Deed", "Surplus Monies") without first defining those terms either through quoted language or by reference to statutory definitions.  Non-capitalized versions of these terms are also used, and it is not clear if these are intended to refer to the same item as the defined terms.

Accordingly, it is ORDERED that Plaintiff shall file a letter addressing the items raised in this Order by January 6, 2022, and at their discretion, file a new proposed order.

IT IS FURTHER ORDERED that Plaintiff shall make any motions to dismiss this action against specific parties or to amend the caption of this action as separate motions from any request for a judgment of foreclosure and sale.

SO ORDERED.

Dated: December 23, 2022
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge