UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| NUBRIDGE COMMERCIAL LENDING REO SPV I INC., | No. 1:22-cv-00434-VSB |
| Plaintiff, | **JUDGMENT OF FORECLOSURE AND SALE** |
| -against- | |
| 51 EAST 126TH STREET, LLC, THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, | MORTGAGED PROPERTY: 51 East 126th St. New York, NY 10035 |
| Defendant(s). | COUNTY: NEW YORK Block: 1751 Lot: 29 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Before this Court is an application for judgment of foreclosure and sale as permitted by this Court's Order entered November 17, 2022. This action was commenced by the filing of a Complaint and Amended Complaint on January 18, 2022, a copy of which was served with the exhibits annexed thereto on defendants, 51 EAST 126TH STREET, LLC, THE CITY OF NEW YORK and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD.

Defendants, THE CITY OF NEW YORK and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD did not appear or answer with respect to the Amended Complaint and their time to do so has since expired. Plaintiff requested a Certificate of Default on March 2, 2022, and such certificate was entered by the Clerk of the Court on March 2, 2022.

Defendant 51 EAST 126TH STREET, LLC and the former defendant VANESSA KATE TURNER appeared and answered the Amended Complaint on February 8, 2022, which answer was withdrawn pursuant to an agreement reached between the parties at the June 1, 2022 conference and the stipulation dated on or about January 5, 2023, that "So Ordered" by the Court on January 9, 2023.

Plaintiff was granted permission to present a proposed judgment of foreclosure and sale, pursuant to the Order entered on November 17, 2022.

Plaintiff complied with the rules for securing a default judgment and a judgment of foreclosure and sale under New York law.

Accordingly it is hereby:

ORDERED, that Plaintiff is granted judgment against defendants, 51 EAST 126TH STREET, LLC, THE CITY OF NEW YORK and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; and it is further

ORDERED, ADJUDGED AND DECREED, that the Judgment of Foreclosure and Sale is in the amount of $1,686,494.22 with an unpaid principal balance of $1,300,000.00 as of November 30, 2022, with the note default interest at the rate of 14.5000 percent per annum until entry of this order and the statutory rate thereafter; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the NY RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the New York County Courthouse, 60 Centre Street, New York, NY 10007 by and under the direction of Elaine Shay, Esq., 800 3rd Avenue, Floor 28, New York, New York 10022-7604, who is hereby appointed Referee for that purpose (the "Referee"); that said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in the *New York Law Journal*; and it is further

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the Referee certifies that she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment") and §36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee is prohibited from accepting or retaining any funds for herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with Fed. R. Civ. P. § 6(b), the time fixed by RPAPL § 1351 (1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the

successful bidder immediately execute terms of sale for the purchase of the property, and pay to the Referee, by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that, in the event the first successful bidder fails to execute the terms of sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in her own name as Referee in a separate account in a bank or trust company authorized to transact business in New York. This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and it is further

ORDERED, ADJUDGED AND DECREED, that after the property is sold, the Referee shall execute a deed to the purchaser (the "Referee's Deed"), in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED, that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), in the sum of $750.00. In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL

§1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $1,686,494.22 with interest at the note default rate of 14.500 percent per annum from November 30, 2022 until the date of this order, together with any advances as provided for in the note, mortgage and loan and security agreement which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note, mortgage, and loan and security agreement and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred; Costs and Disbursements: $837.00 adjudged to the Plaintiff for costs and disbursements in this action taxed by the Clerk of this Court and inserted herein, with interest at the statutory judgment rate from the date of entry of this judgment; Attorney Fees: $7,305.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be deposited with the New York County Clerk by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding surplus monies; and it is further

ORDERED, ADJUDGED AND DECREED, that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items

marked "First," "Second," and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus monies after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED, that all expenses of recording the Referee's Deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED, that if the sale proceeds distributed in accordance with paragraphs "First," "Second," "Third," and "Fourth" above are insufficient to pay Plaintiff the amount due as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against 51 East 126th Street, LLC in accordance with RPAPL §1371, if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property is to be sold one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's Deed; and it is further

ORDERED, ADJUDGED AND DECREED, that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the

filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED, that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the New York County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(l) and follow all local County rules regarding handling of surplus monies; and it is further

ORDERED, ADJUDGED AND DECREED, that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiffs' attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED, that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED, that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 51 East 126th Street, New York, NY 10035.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule "A."

ENTER:

Dated: 1/11/2023
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

File No. 220561526 (Title No.  FCL-168697-22)

SCHEDULE A
DESCRIPTION

**Block 1751 and Lot 29**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 126th Street, distant 170 feet Westerly from the corner formed by the intersection of the Northerly side of 126th Street with the Westerly side of Park Avenue;

RUNNING THENCE Northerly parallel with Park Avenue and part of the way through a party wall, 99 feet 11 inches to the center line of the block;

THENCE Westerly along the said center line of the block, 25 feet;

THENCE Southerly parallel with Park Avenue and part of the way through another party wall, 99 feet 11 inches to the Northerly side of 126th Street; and

THENCE Easterly along the Northerly side of 126th Street, 25 feet to the point or place of BEGINNING.

**Premises known as 51 East 126th Street, New York, New York 10035**